IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI ANN CHAUSSINAND,<br><br>Plaintiff,<br><br>v.<br><br>GUTTMAN OIL COMPANY, LARRY FLANNELLY, and RICHARD GUTTMAN,<br><br>Defendants. | ) | Civil Action No. 08-1714 |

MEMORANDUM and ORDER

Gary L. Lancaster,
District Judge.

July 15, 2009

This is an action in employment discrimination. Plaintiff, Lori Ann Chaussinand, alleges that her employer, Guttman Oil Company, subjected her to discrimination and a hostile work environment because of her gender, and then retaliated against her when she complained, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and the Pennsylvania Human Relations Act, 42 Pa. Cons. Stat. § 951, et seq. She seeks injunctive and monetary relief.

All defendants (collectively "Guttman") have filed a joint motion to partially dismiss the amended complaint [doc. no. 21]. They ask that the claim for punitive damages under the PHRA be dismissed with prejudice as the statute does not provide for such relief, that the hostile work environment claim be dismissed as having been insufficiently pled, and that any claim for individual liability under the PHRA against Messrs. Flannelly and

Guttman be dismissed because neither individual is an employer. For the reasons set forth below, we grant the motion, without prejudice to Chaussinand's right to amend her complaint in order to plead in conformity with the requirements of the law.

In considering a Rule 12(b)(6) motion, we must be mindful that Federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. The amount and type of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 515 F.3d 224, 232 (3d Cir. 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiffs. Twombly, 127 S.Ct. at 1965; Phillips, 515 F.3d at 231; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiffs can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiffs could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed Guttman's motion to dismiss. Based on the pleadings of record and the briefs filed in support of and opposition to the motion, the court will grant the motion for the reasons set forth below.

Guttman has moved to dismiss Chaussinand's prayer for punitive damages on the ground that such relief is unavailable as a matter of law under the PHRA. Chaussinand has filed no response in her opposition brief. We could therefore consider the issue waived and grant the motion on those grounds. In any case, the

Pennsylvania Supreme Court has stated clearly that "punitive damages are not available under the [Pennsylvania Human Relations] Act." Hoy v. Angelone, 720 A.2d 745, 749-51 (Pa. 1998). As such, we grant Guttman's motion on this point, with prejudice.

Next, Guttman moves to dismiss Chaussinand's hostile work environment claim on the ground that she has insufficiently pled facts suggestive of illegal harassment. Chaussinand contends that she has set forth the necessary factual averments to support her claim. We agree with Guttman and will dismiss Chaussinand's hostile work environment claim(s)[1], without prejudice to her right to amend her complaint to include the necessary allegations, if they exist.

Although Chaussinand refers cryptically to "inappropriate behavior" and "a hostile work environment...includ[ing] the working relationship between her Outside Sales Position and the Inside Sales Division" in her amended complaint, she does not give substance to these allegations. Nor does she ever allege that the problematic behavior or relationship was related to her gender. Rather, these unidentified problems could have been related to personality conflicts, differences in socioeconomic backgrounds, or

---

1. Chaussinand includes a reference to an alleged hostile work environment in every count of her amended complaint. As such, we cannot simply dismiss one particular count in order to excise the hostile work environment claims from the case. Rather, we must dismiss all counts to the extent that they purportedly assert a claim based on an alleged hostile work environment.

even rival sports affiliations. Looked at another way, even if Chaussinand could prove all of the facts she alleges in her amended complaint, we could not find that a hostile work environment related to gender existed. Without the element of harassment based on gender, there is no hostile work environment claim under Title VII or the PHRA. As such, we dismiss all counts of the complaint to the extent they seek relief, whether against the company or either individual defendant, based on a hostile work environment.

Finally, Guttman seeks dismissal of Counts IV and V to the extent that they assert claims for individual liability against defendants Flannelly and Guttman under the PHRA on the ground that neither qualify as employers under the statute.[2] Chaussinand claims that she has sufficiently alleged aiding and abetting liability against each individual. We again agree with Guttman and dismiss Counts IV and V to the extent that they seek to impose individual liability against Messrs. Flannelly and Guttman under the PHRA.

As an initial matter, neither Count IV nor Count V references Mr. Guttman by name. Although the heading indicates that both counts are asserted against "Larry Flannelly, Richard Guttman and Guttman Oil Company" and refer to "Defendants"

---

2. Chaussinand has voluntarily withdrawn her claims for individual liability under Title VII against Messrs. Flannelly and Guttman in response to Guttman's motion to dismiss [doc. no. 30].

collectively in the numbered allegations, Flannelly is the only individual specifically referred to. [doc. no. 20 at ¶¶ 46, 50 ("Defendants Company and Flannelly are employers within the scope of the PHRA")]. Regardless of this deficiency, even were Mr. Guttman also mentioned specifically in the body of these counts, the allegations made in Counts IV and V are insufficient to impose liability against either individual under the PHRA. Neither Messrs. Guttman nor Flannelly are employers and Chaussinand makes no allegations in these two counts that either individual aided or abetted gender discrimination or harassment. Therefore, we dismiss these two counts, without prejudice, to the extent that they seek to impose liability against either individual defendant under the PHRA.

However, this ruling does not remove any possibility that Messrs. Flannely or Guttman may be held individually liable under that statute. Although we have found that Chaussinand has failed to sufficiently plead claims for individual liability in Counts IV and V, we find that she has sufficiently pled such a claim in Count II. In addition, she has pled elsewhere in the amended complaint that both individuals held supervisory positions. Dici v. Comm. of Penna., 91 F.3d 542, 552 (3d Cir. 1996). As such, for those legal causes of action that have been sufficiently pled in Count II, Chaussinand has made appropriate allegations on which

to base a finding of individual liability against Messrs. Flannelly and/or Guttman under the PHRA.

For the reasons set forth above, Guttman's motion to dismiss is granted. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LORI ANN CHAUSSINAND, Plaintiff, | ) | |
| v. | ) | Civil Action No. 08-1714 |
| GUTTMAN OIL COMPANY, LARRY FLANNELLY, and RICHARD GUTTMAN, Defendants. | ) | |

ORDER

AND NOW, this 15th day of July, 2009, IT IS HEREBY ORDERED THAT defendants' motion to partially dismiss the amended complaint [doc. no. 21] is GRANTED.

Any claim for punitive damages under the PHRA is dismissed, with prejudice.

All counts of the amended complaint, to the extent they assert a hostile work environment claim, are dismissed without prejudice to plaintiff's right to file an amended to complaint within ten (10) days from the entry of this order on the court's docket.

Counts IV and V of the amended complaint, to the extent they assert individual liability against Mr. Flannelly or Mr. Guttman, are dismissed without prejudice to plaintiff's right to

file an amended to complaint within ten (10) days from the entry of this order on the court's docket.

BY THE COURT:

[signature], J.

cc: All Counsel of Record